262 F.2d 228
 104 U.S.App.D.C. 339
 LOCAL 259, UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF
AMERICA, et al., Appellants,
v.
Dorothy McCullough LEE, individually and as Chairman of the
Subversive Activities Control Board, et al., Appellees.
 No. 14594.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 2, 1958.
Decided Dec. 18, 1958, Petition for Rehearing Denied Jan. 12, 1959.
 
 Messrs. Allan R. Rosenberg, Boston, Mass., and David Cohen, Philadelphia, Pa., a member of the bar of the Supreme Court of Pennsylvania, pro hac vice, by special leave of court, for appellants.
 Mr. George R. Gallagher, Gen. Counsel, Subversive Activities Control Board, with whom Messrs. Frank R. Hunter, Jr., and Leo M. Pellerzi, Asst. Gen. Counsel, Subversive Activities Control Board, and Jerome L. Avedon, Atty., Dept. of Justice, were on the brief, for appellees. Mr. Anthony F. Cafferky, Atty., Dept. of Justice, entered an appearance for appellee William P. Rogers, Attorney General of the United States.
 Before EDGERTON, FAHY and DANAHER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants are four local unions affiliated with the United Electrical, Radio and Machine Workers of America, an international union. In the District Court appellants sought to enjoin the members of the Subversive Activities Control Board, individually and as members, and the Attorney General, from continuing proceedings against the International under the Subversive Activities Control Act of 1950, as amended,[1] and to require the dismissal of the Attorney General's petition before the Board for an order determining that the International is a Communist infiltrated organization. The basis asserted by appellants for the relief thus sought is that they are indispensable parties to the proceedings against the International. The District Court granted appellees' motions to dismiss the complaint for failure to state a claim upon which relief could be granted.
 
 
 2
 The theory of the complaint in essence is that should the Board make an adjudication under the Subversive Activities Control Act adverse to the International the consequence, by virtue of 9(h) of the Labor Management Relations Act of 1947, would be to deprive not only the International but the locals as well of certain rights and benefits which they would otherwise be afforded under the Labor Management Relations Act of 1947.[2]
 
 
 3
 Should appellants be correct in appraising this consequence, the absence of the local unions as parties to the Board proceedings might well cause those proceedings to be fatally defective; but notwithstanding this possibility we think the District Court properly dismissed the complaint, for the court was without equitable jurisdiction either to require the Board to join the local unions as parties or to dismiss the proceedings against the International unless the Board did so. Intervention at this stage by the court would amount to pro tanto control over administrative proceedings still subject to the control of appellees. If their control is not validly exercised in the respects here challenged the remedy must await a time when the effect upon the local unions is more certain and definite in its impact. Whether or not this would occur as the result of a final order of the Board adverse to the International, we need not now decide. Should the need arise at any time for equitable relief the courts would be available to grant it. Cf. Farmer v. United Electrical, Radio & Machine Workers, 93 U.S.App.D.C. 178, 211 F.2d 36, certiorari denied, 347 U.S. 943, 74 S.Ct. 638, 98 L.Ed. 1091.
 
 
 4
 Affirmed.
 
 
 
 [1]
 64 Stat. 987, 50 U.S.C.A. 781-798, as amended by the Communist Control Act of 1954, 68 Stat. 775, 50 U.S.C.A. 781-793
 
 
 [2]
 61 Stat. 136, 29 U.S.C.A. 141-188